IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-CR-53 |
| | ) | *Collier/Carter* |
| STACY ALLEN | ) | |

REPORT AND RECOMMENDATION

I. Introduction

Defendant Stacy Allen moves for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) concerning the search warrant executed on his residence on September 14, 2010. [Doc. 13]. Because defendant has presented no evidence to indicate that Officer Christopher Palmer, the affiant for the affidavit used to obtain the search warrant, made statements in the affidavit with reckless disreard for the truth or with deliberate falsity, it is RECOMMENDED defendant's motion for a *Franks* hearing be DENIED.

II. Background

At all times relevant to this motion, defendant resided at 2510 Laura Street in Chattanooga, Tennessee. The residence is a duplex, and defendant lived on the right side of the duplex. On September 14, 2010, Chattanooga police officer Christopher Palmer prepared the affidavit used to obtain the search warrant for defendant's residence at 2510 Laura Street. The search warrant was also obtained and executed on September 14, 2010. During the search, police found various items of evidentiary value including cocaine, marijuana, and drug paraphernalia.

Officer Palmer's affidavit used to obtain the search warrant states in relevant part:

2. That on the 13th day of September, 2010 your affiant received information

1

from a confidential informant.

3. The said informant advised me that within the last 72 hours said informant was on the premises of the potential defendant in this case, John Doe alias Bra b/m who resides in or occupies and is in possession of the following described premises, to wit; This being a red brick duplex with white trim located at 2510 Laura St. The door to be entered is on the right hand side when facing the duplex from Laura St. the numbers 2510 are displayed on the white trim of the duplex Chattanooga, Hamilton County, Tennessee. While there said informant saw legend and/or narcotic drugs including cocaine, the same being on said premises in the possession of and control of said John Doe alias Bra b/m.

4. The said informant further advised your affiant that John Doe alias Bra b/m is dealing a large amount of cocaine from the above mentioned address.

5. The said informant further advised your affiant that there is heavy short term traffic coming to and going from the said address.

6. Your affiant was able to corroborate some of the information provided by the said informant. Your affiant conducted surveillance and observed the heavy short term traffic coming to and going from the said address.

7. The said informant has made at least three controlled buys from the above said address for your affiant, with one of these buys occurring within the last 72 hours. The following controls were in place: Under the direction and control of your affiant, the said informant was physically checked or searched by your affiant for any type of contraband, your affiant found none on the informant who was visually monitored entering the premises. The informant conducted the hand to hand drug transaction, specifically money for cocaine. Your affiant then observed the informant leave the said premises. Your affiant, close in time thereafter personally retrieved from the informant cocaine purchased by the informant and suspected to be cocaine. Your affiant personally inspected the cocaine and found it to match in color, texture, shape, and odor the controlled substance known as cocaine. Your affiant followed appropriate procedures or safeguards which ensured that the currency supplied to the informant prior to the purchase was spent as directed, and your affiant again physically checked or searched the informant and found no other contraband on the informant. This purchase was made by the informant, the informant made no stops or had no contact with any individuals before handing cocaine to your affiant.

8. Your affiant has known the said informant for one week.

9. The said informant has provided Detective Kimbrough information on at least

> five occasions in the past that have lead to the arrest and conviction of individuals in violation of gambling laws, which has been corroborated by the affiant.

(Officer Palmer's September 13, 2010 affidavit, Doc. 13-1).

The Supreme Court held in *Franks* that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id.*, at 155-56. The Sixth Circuit provided the proper analysis in *United States v. Bennett*, 905 F.2d 931 (6th Cir.1990):

> A defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden. His allegations must be more than conclusory. He must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth. He must accompany his allegations with an offer of proof. Moreover, he also should provide supporting affidavits or explain their absence. If he meets these requirements, then the question becomes whether, absent the challenged statements, there remains sufficient content in the affidavit to support a finding of probable cause. *Id.* at 934 (citations omitted).

In order to be entitled to a hearing pursuant to Franks, the defendant not only has to demonstrate the falsity of specific statements in an affidavit but must also make a substantial preliminary showing that such false statements were made "knowingly and intentionally, or with reckless disregard for the truth." *Franks*, 438 U.S. at 155-56; see also *United States v. Zimmer*, 14 F.3d 286 (6th Cir. 1994)(defendant has the burden of proving deliberate falsehood or reckless

3

Case 1:11-cr-00053-CLC-WBC   Document 16   Filed 10/14/11   Page 3 of 5   PageID #: 51

disregard for the truth); *United States v. Henson*, 848 F.2d 1374, 1381 (6th Cir. 1988) (defendant did not establish by preponderance of evidence that the affidavit contained false statements made knowingly or intentionally).

Defendant contends that the information in the affidavit itself raises inconsistencies which support defendant's allegation that Palmer made statements in his affidavit with reckless disregard for the truth. First, defendant asserts no-one in his residence is called "Bra" and Palmer failed to substantiate that anyone in his residence was called "Bra." Defendant further asserts, disputing the information from the CI, that no drug purchases were made at his residence. However, the CI who gave Palmer this information had given Det. Kimbrough reliable information on at least five occasions leading to the arrest and conviction of individuals for violating gambling laws. Further, Palmer corroborated some of the information the CI gave to him by conducting a controlled buy within 72 hours with the CI. Therefore, it was not "reckless" for Palmer to rely on the CI's information.

Defendant also asserts "[t]here is no information how there could be three controlled purchases if only one was in the prior 72 hours and the Affiant had only found out about the purchases the day before the Affidavit was filled out." However, Palmer doesn't say he *first* learned from the CI that defendant was selling drugs 72 hours prior to swearing out the affidavit. He states in his affidavit that he has known the CI for a *week*, and that the CI simply told him he (the CI) had been on the premises within the last 72 hours and had seen someone named Bra with cocaine. The other controlled buys could easily have happened before the commencement of the 72 hour period.

Defendant also assumes that Palmer was only observing the residence for a short period

4

on September 13 and therefore Palmer's "claim" that heavy, short term traffic was observed at defendant's residence was also in reckless disregard for the truth. In fact, the affidavit does not state that the observations began on September 13. They could have begun a week earlier when Palmer first met the affiant.

Finally, "Mr. Allen submits that the left side of the duplex was likely the target side and not the right side where Mr. Allen lived." (Defendant's brief at 3, Doc. 13). Defendant suggests that Palmer acted with reckless disregard for the truth by not confirming the side of the duplex in which the suspect lived. Again, Palmer was told by a CI who had proven reliable in the past and with whom he had corroborated certain information that he had seen the suspect within the last 72 hours in the unit on the right side of the duplex and that the suspect possessed cocaine. Reliance on the CI's information was not in reckless disregard for the truth.

### III. Conclusion

The undersigned concludes defendant has failed to make a showing that Palmer acted with reckless disregard for the truth in making any of his statements in the affidavit. Therefore, it is RECOMMENDED that defendant's motion for a *Franks* hearing (Doc. 13)be DENIED.[1]

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).